**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2565-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MATTHEW DRUMMOND,

    Defendant-Appellant.

---

> Argued August 29, 2018 — Decided September 5, 2018
>
> Before Judges Alvarez and Gooden Brown.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Union County, Indictment No. 16-
> 02-0168.
>
> Scott C. Buerkle argued the cause for
> appellant.
>
> Milton S. Leibowitz, Special Deputy Attorney
> General/Acting Assistant Prosecutor, argued
> the cause for respondent (Michael A. Monahan,
> Acting Union County Prosecutor, attorney;
> Milton S. Leibowitz, of counsel and on the
> brief).

PER CURIAM

    Defendant Matthew Drummond entered a guilty plea to fourth-

degree operating a motor vehicle during a period of license

suspension, N.J.S.A. 2C:40-26(b). The Law Division judge stayed his January 13, 2017 sentence, including the statutorily mandated 180-day county jail term, pending this appeal of the court's order denying him admission into the pretrial intervention (PTI) program, N.J.S.A. 2C:43-12 to -22 and Rule 3:28. The judge denied the application by order dated July 21, 2017, and then again on defendant's reconsideration motion on September 12, 2017. We now affirm and dissolve the stay, effective ten days from the release of this decision.

On December 11, 2015, a Union County police officer stopped defendant after a random look-up of his license plate, as a result of which the officer learned defendant's license had been suspended approximately two months earlier for driving while intoxicated (DWI), N.J.S.A. 39:4-50. When sentencing defendant, the municipal court judge not only suspended defendant's driving privileges as called for by the statute, he also ordered defendant to install an interlock device. See N.J.S.A. 39:4-50.17. Defendant did not comply with that aspect of his sentence.

Defendant had been previously convicted of DWI on February 20, 2013. Thus, he was indicted for operating a motor vehicle while under a period of a license suspension for a second DWI.

Defendant's motor vehicle history dates back to 1999, and includes violations such as speeding and failure to carry

2                                                              A-2565-16T1

insurance. His license was suspended during that time on seven occasions according to defendant, ten according to the State: in 2000, 2002, 2003, 2004, 2008, and 2010. Defendant is thirty-five years old, college educated, fully employed, a decorated veteran, and has no prior criminal history.

Initially, the county PTI program director recommended that defendant be denied admission because of his driving and automobile license history, and because the charge carries "a mandatory jail term" and is therefore "not considered to be appropriate for inclusion in the PTI program." The prosecutor's rejection letter detailed defendant's employment status and lack of a criminal conviction history, but also touched upon his driver's abstract information. It further cited to factors one, two, fourteen, and seventeen[1] of N.J.S.A. 2C:43-12(e) in support of the decision to deny defendant admission into the program. Although focusing substantially on the deterrent purpose of the statute, the rejection letter also noted the proximity in time between license suspension and motor vehicle stop, and defendant's failure to

---

[1] Factor one is the nature of the offense, N.J.S.A. 2C:43-12(e)(1); factor two is the facts of the case, N.J.S.A. 2C:43-12(e)(2); factor fourteen is whether the crime demands prosecution over supervisory treatment, N.J.S.A. 2C:43-12(e)(14); factor seventeen is whether the harm caused by abandoning prosecution would outweigh benefits of supervisory treatment, N.J.S.A. 2C:43-12(e)(17).

install the interlock device. Defendant had "no emergent reason" for driving, or any explanation regarding the reason he had not chosen an alternative means of transportation. The letter concluded that the "harm done to society by abandoning criminal prosecution in this matter outweighs the benefits to society from channeling defendant into a diversionary supervisory treatment program."

The State's letter brief in opposition to the motion to compel admission reiterated earlier statements regarding defendant's driving history, as well as his personal circumstances. The brief also reiterated that the prosecutor was not applying a per se rule of exclusion. In balancing defendant's situation and the circumstances of the offense within the framework of the PTI guidelines, the State did not consider rejecting defendant from the program to be an abuse of discretion.

In his initial July 21, 2016 decision, the judge reviewed the State's reasons for rejection, including defendant's motor vehicle history. The judge found the State had weighed all the relevant factors pursuant to the guidelines, and that the denial was lawful. Defendant had failed to prove a patent and gross abuse of discretion.

Citing to the standard for motions for reconsideration, the judge denied that later application as well. Although the criminal

division manager may have applied a per se rule in rejecting defendant, the State clearly had not. The prosecutor made a particularized independent decision in which all relevant factors were taken into account. Thus, the judge denied the reconsideration application.

Now on appeal, defendant raises the following points for our consideration:

> POINT I: The PTI Director Employed Per Se Policy to Reject Mr. Drummond From PTI for the Offense of Driving While Suspended on a Second of Subsequent DWI
>
> POINT II: The State Employed a Per Se Denial of Acceptance Into PTI for the Offense of Driving While Suspended on a Second or Subsequent DWI
>
> POINT III: The State Failed to Consider all of the Criteria Set Forth in N.J.S.A. 2C:43-12
>
> POINT IV: The State Considered Inappropriate Factors Against Mr. Drummond
>
> POINT V: The Trial Court Improperly Found that "pursuant to the Clear Mandatory Language In N.J.S.A. 2C:40-26, if a defendant who is charged with committing that offense is admitted into PTI, this would run counter to the clear legislative intent of the statute."

We consider defendant's points to be so lacking in merit as to warrant little discussion in a written opinion. See R. 2:11-3(e)(2). Defendant has failed to establish by clear and convincing evidence a patent and gross abuse of discretion.

A-2565-16T1

Contrary to the points framed on appeal, this was not a per se rejection by the prosecutor of defendant's application.

State v. Rizzitello, concerning N.J.S.A. 2C:40-26(b), among other things, stands for the proposition that "[t]he fourth[-]degree offense . . . does not carry a presumption against admission into PTI under either N.J.S.A. 2C:43-12(b) or Guideline 3(i)." 477 N.J. Super. 301, 312 (App. Div. 2016). The trial judge in Rizzitello admitted defendant into the PTI program, which the State appealed and we reversed. Per se exclusion, based on the nature of the offense and mandatory jail time was improper, however, other circumstances supported the State's rejection of defendant's application. "Defendant has not presented any facts that would mitigate or explain his decision to drive his car less than two months after his license was suspended for his third DWI conviction. . . . [D]efendant has multiple convictions of driving while suspended in violation of N.J.S.A. 39:3-40." Id. at 315. Citing State v. Tischio, 107 N.J. 504, 512 (1987), Rizzitello referenced the primary purpose behind the drunken driving statutes, "to curb the senseless havoc and destruction caused by intoxicated drivers."

Here, although defendant has only two DWI convictions, while Rizzitello had three, defendant also has a lengthy and troubling motor vehicle history. He not only drove less than two months

after his suspension for his second DWI, he failed to install the interlock device and provided neither an explanation, much less justification, for his reason for driving.

As we said in <u>Rizzitello</u>, to meet the high burden of demonstrating a gross and patent abuse of discretion, a defendant must demonstrate:

> that a prosecutorial veto (a) was not premised upon consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment . . . . In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [<u>Rizzitello</u>, 477 N.J. Super. at 313 (citations omitted).]

Defendant has not met this heavy burden, nor has he established that the prosecutor's decision clearly subverted the goals underlying PTI. Conversely, defendant's admission would not serve the goals of PTI set forth under N.J.S.A. 2C:43-12(a)(1)-(5).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION